# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**ARRIS GROUP, INC.,**

*Plaintiff,*

-*vs*-

**LEADER ELECTRONICS INC.**

*Defendants.*

Case No.: 14-cv-00345

Judge: Hon. Sharon Johnson Coleman

Magistrate Judge: Hon. Mary M. Rowland

## ANSWER TO COMPLAINT

Defendant LEADER ELECTRONICS INC. ("Leader") responds to the Complaint of ARRIS GROUP, INC. ("ARRIS") as follows:

### NATURE OF THE DISPUTE

1. Leader admits that it sold power supplies for use in Japan. It denies that ARRIS assumed claims or rights against Leader under the CSA dated June 28, 2006. It admits that ARRIS purchased power supplies from Leader for use with cable modems, but denies that any such sales occurred before April 2013. It denies that Leader committed any breach of contract that is actionable by ARRIS. It lacks knowledge or information to form a belief as to the truth of the allegation that this is a claim for indemnification and damages arising from Defendant's alleged numerous breaches of contract and, therefore, denies it.

2. Leader denies that it committed to indemnify ARRIS under the CSA for losses attributable to the Power Supplies, or for any losses. Leader denies that it warranted to ARRIS that the Power Supplies would be "merchantable, free from defects in design, material and

workmanship, of the highest quality, and would conform to the terms and conditions of all applicable schedules and specifications, drawings, documentation, customer test and quality standards, applicable industry standards and would not pose any potential safety issues." Leader denies that it agreed that it would make no changes to the products, the materials, or the manufacturing process without ARIIS' approval.

3. Leader denies each allegation of Paragraph 3.

4. Leader lacks knowledge or information sufficient to form a belief as to the truth of the allegations that that ARRIS learned that Japanese regulatory authorities had been notified of complaints concerning the Power Supplies and that Japanese regulatory authorities have pronounced the Power Supplies to be a safety risk. Leader denies that power supplies manufactured or supplied by it present a safety risk or that they "excessively overheat, melt and ultimately fail, even when used within the products' specified operating parameters." Leader lacks knowledge or information sufficient to form a belief as to the truth of the allegations that ARRIS will spend time, money and effort recovering Power Supplies and/or replacing defective units in the field, and therefore denies such allegations.

5. Leader denies that it has contractual obligations to ARRIS.

PARTIES

6. Leader lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and, therefore, denies them.

7. Leader lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and, therefore, denies them.

8. Leader admits that it is a Taiwanese corporation. Leader denies that its principal place of business is in Taipei, Taiwan. By way of further response, Leader states that its headquarters are located in New Taipei City, Taiwan.

## JURISDICTION

9. Leader admits that this Court has jurisdiction over the parties and the case, but denies the remaining allegations in Paragraph 9.

10. Leader admits that this Court has personal jurisdiction over Leader, but the remaining allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent an answer is required, Leader denies them.

11. Leader does not contest venue in the Northern District of Illinois. It denies the factual allegations of Paragraph 11, except that it admits that the CSA contains a venue provision at paragraph 16.2 thereof.

## FACTUAL ALLEGATIONS

12. Leader denies that ARRIS purchased Power Supplies from Leader for use with telecommunications products beginning in 2006.

13. Leader admits that is accepted orders for goods pursuant to the terms and conditions of the CSA and received consideration for goods delivered in accordance with those orders. It denies the balance of the allegations of Paragraph 13.

14. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 14 to the extent they imply terms that are at variance with those contained within the CSA.

15. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 15 to the extent they imply terms that are at variance with those contained within the CSA.

16. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 16 to the extent they imply terms that are at variance with those contained within the CSA.

17. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 17 to the extent they imply terms that are at variance with those contained within the CSA.

18. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 18 to the extent they imply terms that are at variance with those contained within the CSA.

19. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 19 to the extent they imply terms that are at variance with those contained within the CSA.

20. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 20 to the extent they imply terms that are at variance with those contained within the CSA.

21. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 21 to the extent they imply terms that are at variance with those contained within the CSA.

22. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 22 to the extent they imply terms that are at variance with those contained within the CSA.

23. Leader admits that it sold goods pursuant to the terms and conditions set forth in the CSA. It denies the remaining allegations of Paragraph 23 to the extent they imply terms that are at variance with those contained within the CSA.

24. Leader lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the Power Supplies were discovered to be "overheating, melting, and ultimately failing to operate," and on that basis denies such allegations.

25. Leader denies that it made unauthorized material changes and used inadequate manufacturing processes. Leader lacks knowledge or information sufficient to form a belief as to the truth of the allegations that it was determined that it was determined that unauthorized material changes and inadequate manufacturing processes caused Power Supplies to fail, and on that basis, denies such allegations.

26. Leader denies the allegation that goods sold by Leader to ARRIS are "defective." Leader lacks knowledge or information sufficient to form a belief as when and how ARRIS arrived at the conclusion that the Power Units were defective, and on that basis, denies such allegations.

27. Leader denies the allegation that goods sold by Leader to ARRIS are "defective." Leader lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "Japanese regulatory authorities have concluded the defective Power Supplies pose a safety risk to Japanese consumers" or that ARRIS was required to take remedial action, and on that basis, denies such allegations. Leader also lacks knowledge or information sufficient to form a belief as to the truth of the allegations that ARRIS has incurred substantial expenses due to the events alleged in the Complaint or that it will incur substantial costs in the future, and therefore denies such allegations.

28. Leader lacks knowledge or information sufficient to form a belief as to the truth of the allegations that ARRIS has incurred substantial expenses due to the events alleged in the Complaint or that it will incur substantial costs in the future, and therefore denies such allegations.

29. Leader admits that ARRIS has demanded indemnification for alleged losses. Leader denies the balance of the allegations of Paragraph 29.

30. Leader admits that ARRIS has demanded indemnification for alleged losses and has sought to resolve the issues forming the basis of its allegations against Leader in this Complaint, and it further admits that no resolution was achieved. Leader denies the balance of the allegations of Paragraph 30.

31. Leader admits the allegations of paragraph 31.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

32. The Complaint and each claim alleged therein fail to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Join Indispensible Parties)

33. The Complaint and each cause of action alleged therein is barred, in whole or in part, because Plaintiff has failed to join indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

(Other Factors Causing Alleged Damage)

34. Factors other than Defendant's purported wrongful conduct caused some or all of Plaintiff's alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

35. Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

(Misuse of Product)

36. To the extent that Power Supplies may have overheated, melted or otherwise failed to function within normal limits, such incidents were caused by the misuse of the Power Supplies by persons other than Defendants, including without limitation their end users, and such misuse comprises a superseding cause of the damages alleged in Plaintiff's Complaint.

### SIXTH AFFIRMATIVE DEFENSE

(Alteration of Product)

37. To the extent that Power Supplies may have overheated, melted or otherwise failed to function within normal limits, such incidents were caused by the unauthorized alteration of the Power Supplies by persons other than Defendants, including without limitation Plaintiff, its agents and the end users, and such alteration comprises a superseding cause of the damages alleged in Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Fault of Others)

38. The Complaint fails, in whole or in part, because any and all damages allegedly suffered by Plaintiff were directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, intentional misconduct, supervening or intervening acts, and/or omissions of Plaintiff's agents or persons or entities other than this answering Defendant.

EIGHTH AFFIRMATIVE DEFENSE

(Failure of Condition Precedent)

39. To the extent that Plaintiff seeks indemnity for an alleged claim or claims under the allegations of the Complaint, Defendant asserts that Plaintiff failed to promptly notify Defendant of such claims, failed to provide Defendant with adequate information concerning same, and failed to grant Defendant full authority to defend or settle the claims, thereby resulting in a failure of condition precedent to Defendant's alleged obligation to indemnify Plaintiff.

WHEREFORE, Leader prays for judgment against ARRIS as follows:

1. That ARRIS take nothing by reason of its Complaint and that judgment be rendered in favor of Leader;

2. That Leader be awarded its costs of suit, including reasonable attorney's fees, incurred in defense of the Complaint and each claim alleged therein; and

3. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant requests trial by jury on all issues so triable.

| | |
|---|---|
| Dated: March 31, 2014 | Respectfully submitted, |
| | LEADER ELECTRONICS INC. |
| | By: s/ Rodney W. Bell |

Mark E. Parsky (mep@mcveyparsky-law.com)
John P. McCorry (jpm@mcveyparsky-law.com)
McVEY & PARSKY, LLC
30 N. LaSalle St., Suite 2100
Chicago, Illinois 60602
Tel.: (312) 551-2130
Fax: (312) 551-2131

Rodney W. Bell (rbell@changcote.com) *admitted pro hac vice*
CHANG & COTÉ, LLP
19138 East Walnut Drive North, Suite 100
Rowland Heights, California 91748
Tel.: (626) 854-2112
Fax: (626) 854-2120

# CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2014, I electronically filed the foregoing document entitled:

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following person(s):

    Mark L. Durbin (mark.durbin@btlaw.com)

    Peter N. Moore (peter.moore@btlaw.com)

    John P. McCorry (jpm@mcveyparsky-law.com)

I certify and declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on March 31, 2014 at Rowland Heights, California.

    By: s/ Rodney W. Bell
        Rodney W. Bell

    Attorney for Defendant Leader Electronics Inc.